

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1908
Re: What fees would a sheriff be en-
titled to receive for service of
proceeding to a city to secure a
defendant and return him for a
hearing as stated in the attached
letter?

Your recent request for an opinion of this de-
partment on the above stated question has been received.

Your letter reads as follows:

"Your opinion as to proper fees, if any,
in the following fact situation is respect-
fully requested:

"A defendant was confined in the State
penitentiary authorities for a hearing as he
was wanted in another State on a felony charge.

"The District Judge of Wilson County
granted a habeas corpus hearing and instruct-
ed his sheriff to proceed to Austin, secure
the defendant and return him to Wilson County
for a hearing.

"What fees would the sheriff be entitled
to receive for his service and would same be
paid from the appropriation for paying sheriffs
and other officers in felony cases?"

You further inform us that while the above men-
tioned defendant was confined in the State Penitentiary,

the State of North Carolina placed a "hold over order"
for him and when the defendant had served his term in
the State Penitentiary he was brought to Austin by the
authorities of the penitentiary for an extradition hear-
ing. While the defendant was in the custody of the
authorities from the penitentiary at Austin for the
above mentioned hearing the attorney for the defendant
filed an application for a writ of habeas corpus in the
District Court of Wilson County. You also further in-
form us that the above mentioned defendant was not
charged with any offense in the District Court of Wil-
son County or in any court in the State.

The above mentioned writ of habeas corpus
reads as follows:

"WRIT OF HABEAS CORPUS

No. 5,996

"EX PARTE
NILE (WILL) WRIGHT

TO THE WARDEN OF THE TEXAS PRISON SYSTEM AND
ALL EMPLOYEES OF SAID SYSTEM HAVING NILE (WILL)
WRIGHT IN CUSTODY GREETINGS:

"Whereas, on this the 1st day of November,
A. D. 1939, an application for a Writ of Habeas
Corpus and release from improper custody having
been filed by Nile (Will) Wright, who alleges
substantially the following, to-wit: that he is
being illegally restrained by the Texas Prison
System authorities and that he believes that he
will be carried out of the state, or suffer some
irreparable injury before he can obtain relief
in the usual course of law; and that he has re-
quested a hearing before this Court.

"And whereas, said application for a Writ
of Habeas Corpus has been granted by the Honor-
able S. B. Carr, Judge presiding of the District
Court of Wilson County, Texas, made returnable
to said Court on the 4th day of November, A. D.
1939, at 10 o'clock A. M.

"Therefore, you are hereby commanded to
be and appear before said District Court at
the Court House thereof in the City of Flores-
ville, Texas, on the 4th day of November, A.D.
1939, at 10 o'clock A.M., and to then and there
produce the body of said Nile (Will) Wright,
and show cause, if any you have, why he should
not be released from your custody; and the
sheriff or any deputy sheriff of Wilson County,
Texas, is hereby ordered and directed to take
the body of the said Nile (Will) Wright and
safely keep him and bring him before this
Honorable Court on the hour and date herein-
above set to be dealt with according to law.

"TO THE SHERIFF, CONSTABLE, OR ANY PEACE
OFFICER OF THE STATE OF TEXAS, GREETINGS:

"You are hereby commanded that you exe-
cute and make due return of this writ, as is
required by law, and that you take and bring
the said Nile (Will) Wright before the Honor-
able Judge of said Court as hereinabove direct-
ed.

"Witness, M. M. Hughes, Clerk of the
District Court of Wilson County, Texas, at
my office at the Court House, in the City of
Floresville, Texas, this the 1st day of Novem-
ber, A.D. 1939.

"(Signed) M. M. Hughes
Clerk of the District Court
of Wilson County, Texas

"RETURN OF OFFICER

"Came to hand on the 1st day of November,
A.D. 1939, at 4 o'clock P.M. and executed on
the 2nd day of November, A.D. 1939, in Travis
County, Texas, at 10 o'clock A.M. by deliver-
ing to Capt. Ewing Stanley in person, a true
copy of this writ; and taking the person of the

said Nile (Will) Wright in the custody.

"(signed) Mrs. Geo. R. Booth
Sheriff, Wilson County, Texas
By
(signed) D. W. Houck, Deputy

"Mileage $18.00
180 miles
C .10
Service     2.00
TOTAL:    $20.00

Article 129, Code of Criminal Procedure, reads as follows:

"Whenever it appears by satisfactory evidence to any judge authorized to issue such writ that any one is held in illegal confinement or custody, and there is good reason to believe that he will be carried out of the State, or suffer some irreparable injury before he can obtain relief in the usual course of law, or whenever the writ of habeas corpus has been issued and disregarded, the said judge may issue a warrant to any peace officer, or to any person specially named by said judge, directing him to take and bring such person before such judge, to be dealt with according to law."

According to the last Federal Census, Wilson County has a population of seventeen thousand six hundred and six (17,606) inhabitants. The county officials of such county are compensated on a fee basis.

Article 1030, Code of Criminal Procedure, reads in part as follows:

"In each county where there have been cast at the preceding presidential election less than 3000 votes, the sheriff or constable shall receive the following fees when the charge is a felony:"

Hon. George H. Sheppard, Page 5

Section 8 of Article 1030, supra, Code of Criminal Procedure, reads as follows:

"For attending a prisoner on habeas corpus, for each day, four dollars, together with mileage as provided in subdivision 5, when removing such prisoner out of the county under an order issued by a district or appellate judge."

Section 5, as referred to in the above quoted section of Article 1030, supra, reads in part as follows:

"....in counties that have a population of less than forty thousand inhabitants, as shown by the preceding Federal Census, the following fees shall apply: For each mile the officer may be compelled to travel in executing criminal process, summoning or attaching witnesses, ten cents;...."

Article 26 of the Penal Code defines "criminal process" as follows:

"The term 'criminal process' is intended to signify any capias, warrant, citation, attachment, or any other written order issued in a criminal proceeding, whether the same be to arrest, commit, collect money, or for whatever purpose used."

Article 163 of the Code of Criminal Procedure provides:

"The judge trying the cause under habeas corpus may make such order as is deemed right concerning the cost of bringing the defendant before him, and all other costs of the proceeding, awarding the same either against the person to whom the writ was directed, the person seeking relief, or may award no costs at all."

The fees allowed and provided for in Article

Hon. George H. Sheppard, Page 6

Code of Criminal Procedure, supra, are allowed only
where the defendant is charged with a felony offense
and unless such defendant was so charged Article 1030,
Code of Criminal Procedure, supra, would not be appli-
cable. If the defendant was charged with no offense
whatsoever the sheriff above mentioned would not be
entitled to any fees for his services which would be
paid by the State. Therefore, you are respectfully
advised that it is the opinion of this department that
the State would not be liable for any fees to the
Sheriff for the services performed by him in connection
with the above mentioned habeas corpus proceeding.

Trusting that the foregoing fully answers your
inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/    Ardell Williams
By

Ardell Williams
Assistant

EW:AW

APPROVED FEB 24, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS